IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEGGY S. HELLER, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 3:14-cv-1355 |
| | § | |
| TAX EASE EMPLOYEE SERVICES | § | |
| COMPANY, LLC AND TAX EASE | § | |
| HOLDINGS, LLC | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, Peggy S. Heller, complains of Defendants, Tax Ease Employee Services Company, LLC and Tax Ease Funding, LLC (collectively, Tax Ease), under the Age Discrimination in Employment Act (ADEA)[1] and the Texas Commission on Human Rights Act (TCHRA)[2] as follows:

### I.

### Parties

1.  Plaintiff, Peggy S. Heller, is an individual residing in Dallas County, Texas. She was born in 1956.

2.  Defendant, Tax Ease Employee Services Company, LLC, is a Texas limited liability company. Its principal office is located at 14901 Quorum Drive, Dallas, Texas 75254 in Dallas County. It may

---

[1] 29 U.S.C. §§ 621-634 (2000).
[2] Tex. Lab. Code Ann. § 21 (Vernon 1996).

**Plaintiff's Original Complaint and Jury Demand – Page 1**

be served with citation by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Defendant, Tax Ease Holdings, LLC, is a Delaware limited liability company, and it is apparently a holding company for the various Tax Ease entities. Its principal office is located at 14901 Quorum Drive, Dallas, Texas 75254 in Dallas County. It may be served with citation by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.

## Jurisdiction and Venue

4. This Court has jurisdiction over Mrs. Heller's claims under 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 626. The Court has supplemental jurisdiction over Mrs. Heller's state law claims under 28 U.S.C. § 1367 because these claims are so related to Plaintiff's federal claims that they form part of the same case and controversy.

5. A substantial portion of the acts and omissions giving rise to Mrs. Heller's claims occurred at Tax Ease's location in Quorum Drive location in Dallas County, Texas. Venue is proper in this district and division under 28 U.S.C. § 1391.

**Plaintiff's Original Complaint and Jury Demand – Page 2**

III.

**Background Facts**

6. This case involves Tax Ease's age discrimination against Mrs. Heller.

7. Tax Ease is a self-described "property tax lender." Basically, when property owners are behind on their property taxes or simply need help paying them, Tax Ease loans them money to pay their ad valorem taxes. In return, the property owners agree to repay the loan over time. Tax Ease also receives a transfer of the taxing authority's liens against the borrower's property.

8. Tax Ease's property tax lending business is highly regulated by federal and state agencies. Mrs. Heller was hired by Tax Ease in 2008. She is a licensed attorney, and she worked as the company's general counsel. She assisted with issues ranging from human resources matters to corporate formalities. She also successfully guided the company through various audits and consumer complaints. She was good at her job, and she always received good reviews.

9. But, the group that hired Mrs. Heller was not the same group that fired her. In 2012, the Australian financial giant Macquarie purchased Tax Ease.

10. Additionally, the regulatory issues surrounding "property tax loans" became increasingly strict. Tax Ease continued relying on Mrs. Heller's significant experience in the area. Nobody ever complained about Mrs. Heller's understanding of relevant regulatory schemes or complained about her work.

11. In 2013, Tax Ease abruptly terminated Mrs. Heller's employment as Tax Ease's General Counsel. During this termination meeting, Mrs. Heller asked if her termination was part of a layoff, and Mark Shapire, Tax Ease's Chief Financial Officer responded, "we are just making changes." Tax Ease also told Mrs. Heller that she was not being replaced.

12. To the contrary, Tax Ease replaced Mrs. Heller almost immediately – and perhaps before terminating her. At the time, Mrs. Heller was fifty-seven years old; she was licensed to practice law in Texas in 1983. Her replacement was under forty-years old, and she was licensed to practice law in 2011.

13. Mrs. Heller filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission on January 15, 2014. She received a Right to Sue (Issued On Request) the same day.

## IV.

### Age Discrimination in Employment Act Claim

14. Mrs. Heller repeats and re-alleges the allegations contained in Paragraphs 1 through 12 as if fully stated here.

15. Mrs. Heller has satisfied all jurisdictional prerequisites in connection with her ADEA claim.

16. Tax Ease's actions constitute intentional age discrimination in violation of the ADEA. Specifically, Tax Ease abruptly terminated Mrs. Heller and replaced her with younger, far less experienced attorney. Tax Ease failed and refused to consider, assist, or place Mrs. Heller in another job within the company due to her age.

17. As a result of Tax Ease's actions, Mrs. Heller has suffered and will continue to suffer pecuniary losses, including but not limited to lost wages and benefits associated with her employment.

18. Tax Ease's actions were willful. Thus, Mrs. Heller is entitled to liquidated damages under the ADEA.

19. Mrs. Heller seeks attorney's fees and costs of suit.

## V.

### Texas Commission on Human Rights Act Claim

20. Mrs. Heller repeats and re-alleges the allegations contained in Paragraphs 1 through 12 as if fully stated here.

21. Mrs. Heller has satisfied all jurisdictional prerequisites in connection with her TCHRA claim.

22. Tax Ease's actions constitute intentional age discrimination in violation of the TCHRA.  Specifically, Tax Ease abruptly terminated Mrs. Heller and replaced her with younger, far less experienced attorney.  Tax Ease failed and refused to consider, assist, or place Mrs. Heller in another job within the company due to her age.

23. As a result of Tax Ease's actions, Mrs. Heller has suffered and will continue to suffer pecuniary losses, including but not limited to lost wages and benefits associated with her employment.

24. Additionally, Mrs. Heller has suffered and expects to suffer non-pecuniary losses, including, but not limited to, humiliation, damage to personal and professional reputation, undue stress, anxiety, and other non-pecuniary losses.

25. Tax Ease has acted and continues to act with malice and reckless indifference to Mrs. Heller's state-protected rights, and, thus, she is entitled to punitive damages under the Texas Labor Code.

26. Tax Ease's actions were willful.  Thus, Mrs. Heller is entitled to liquidated damages under the TCHRA.

27. Mrs. Heller seeks attorney's fees and costs of suit.

## VI.

## Request for Jury Trial

28. Mrs. Heller respectfully requests that this matter be tried before a jury.

## VII.

## Prayer for Relief

29. Mrs. Heller respectfully requests that she have a judgment against Tax Ease awarding her the following damages:

   a. Back pay, including but not limited to, lost wages and employment benefits;

   b. Equitable relief necessary to place Mrs. Heller in the position she would have held but for Tax Ease's discriminatory treatment, and if this is not feasible, then front pay;

   c. Actual damages;

   d. Liquidated damages in the maximum amount allowed by law;

   e. Compensatory and punitive damages in the maximum amount allowed by law;

   f. Prejudgment and post-judgment interest;

   g. Attorney's fees, expert witness fees, and costs of suit; and

   h. Any further legal and equitable relief she is entitled to.

Respectfully submitted,

*[signature]*

_____
JUSTIN L. JETER
State Bar No. 24012910
CHESTER & JETER, LLP
6301 Gaston Avenue, Suite 730
Dallas, Texas 75214
Telephone: 214.382.0759
Facsimile: 214.593.3663
Email: jeter@chester-law.com

**ATTORNEY FOR PLAINTIFF**