IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEGGY S. HELLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  3:14-CV-1355 |
| | § | |
| TAX EASE EMPLOYEE | § | |
| SERVICES COMPANY, LLC | § | |
| AND TAX EASE HOLDINGS, | § | |
| LLC, | § | |
| | § | |
| Defendants. | § | |

DEFENDANTS' ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES

COME NOW, Defendants Tax Ease Employee Services Company, LLC ("Services") and Tax Ease Holdings, LLC ("Holdings") (sometimes collectively referred to as "Defendants" or "Tax Ease") and file their Original Answer and Affirmative Defenses to Plaintiff Peggy S. Heller's Original Complaint (the "Complaint") and Jury Demand, and in support, state as follows:

**PLAINTIFF'S ALLEGATION:**  Plaintiff, Peggy S. Heller, complains of Defendants, Tax Ease Employee Services Company, LLC and Tax Ease Funding, LLC, under the Age Discrimination in Employment Act (ADEA) and the Texas Commission on Human Rights Act (TCHRA) as follows:

**ANSWER: Responding to the allegations contained in the unnumbered introductory paragraph on page 1 of the Complaint, Defendants admit that Plaintiff complains about Defendants and attempts to support her Complaint with subsequent allegations; however, Defendants deny that Plaintiff's Complaint has**

**merit, and denies that Plaintiff is entitled to any relief.   Defendants deny all remaining averments contained in this paragraph.**

## I.      Original Answer

**PLAINTIFF'S ALLEGATION:** 1. Plaintiff, Peggy S. Heller, is an individual residing in Dallas County, Texas. She was born in 1956.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1, and therefore deny the same.**

**PLAINTIFF'S ALLEGATION:** 2. Defendant, Tax Ease Employee Services Company, LLC, is a Texas limited liability company. Its principal office is located at 14901 Quorum Drive, Dallas, Texas 75254 in Dallas County.  It may be served with citation by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**ANSWER: Defendants admit the allegations in Paragraph 2.**

**PLAINTIFF'S ALLEGATION:** 3. Defendant, Tax Ease Holdings, LLC, is a Delaware limited liability company, and it is apparently a holding company for the various Tax Ease entities. Its principal office is located at 14901 Quorum Drive, Dallas, Texas 75254 in Dallas County. It may be served with citation by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**ANSWER: Defendants admit the allegations in Paragraph 3 but deny that Holdings is a proper party.**

**PLAINTIFF'S ALLEGATION:** 4. This Court has jurisdiction over Mrs. Heller's claims under 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 626. The Court has supplemental jurisdiction over Mrs. Heller's state law claims under 28 U.S.C. § 1367

because these claims are so related to Plaintiff's federal claims that they form part of the same case and controversy.

**ANSWER: Defendants admit to the first sentence in Paragraph 4. Defendants deny the second sentence in Paragraph 4 to the extent Plaintiff must elect her remedies under two identical causes of action, both arising from identical facts by retaining one and withdrawing the other, and the Court has no jurisdiction over a cause of action that has been withdrawn.**

PLAINTIFF'S ALLEGATION: 5. A substantial portion of the acts and omissions giving rise to Mrs. Heller's claims occurred at Tax Ease's location in Quorum Drive location in Dallas County, Texas. Venue is proper in this district and division under 28 U.S.C. § 1391.

**ANSWER: Paragraph 5 of the Complaint contains conclusions of law and not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary; Defendants admit that Plaintiff's employment and termination thereof occurred in Dallas County, Texas but deny that such termination gives rise to Plaintiff's claims.**

PLAINTIFF'S ALLEGATION: 6. This case involves Tax Ease's age discrimination against Mrs. Heller.

**ANSWER: Defendants deny that they discriminated against Plaintiff, as Plaintiff alleges in Paragraph 6, but admit that Plaintiff alleges age discrimination in this Complaint.**

PLAINTIFF'S ALLEGATION: 7. Tax Ease is a self-described "property tax lender." Basically, when property owners are behind on their property taxes or simply need help paying them, Tax Ease loans them money to pay their ad valorem taxes. In return, the property owners agree to repay the loan over time. Tax Ease also receives a transfer of the taxing authority's liens against the borrower's property.

**ANSWER: Tax Ease denies all of Plaintiff's allegations in paragraph 7 to the extent that they are not in accord with the following: Tax Ease is a property tax lender and investor.  When residential or commercial property owners in Texas are behind on their property taxes or simply need help paying them, Tax Ease loans them money to pay their ad valorem taxes.  In return, the property owners agree to repay the loan over time.  Tax Ease receives a transfer of the taxing authority's liens against the borrower's property.  Tax Ease takes a priority first lien position. In other states, Tax Ease is an investor.**

**PLAINTIFF'S ALLEGATION:** 8. Tax Ease's property tax lending business is highly regulated by federal and state agencies. Mrs. Heller was hired by Tax Ease in 2008. She is a licensed attorney, and she worked as the company's general counsel. She assisted with issues ranging from human resources matters to corporate formalities. She also successfully guided the company through various audits and consumer complaints. She was good at her job, and she always received good reviews.

**ANSWER: Defendants admit that its business is highly regulated. Defendants further admit that Tax Ease Employee Services Company, LLC. hired Plaintiff in 2008 but denies that Holdings ever hired her.  Defendants admit that Plaintiff represented that she was a licensed attorney when she was employed by Tax Ease.  Defendants admit that Plaintiff was the general counsel for Tax Ease Employee Services Company, LLC, and that she assisted with issues including human resource matters and corporate formalities. Plaintiff was a party to Defendants' successes, but individually, she was unsuccessful and she did not guide the company.  Because Plaintiff was unsuccessful, Defendants had to rely on and pay outside counsel.  Plaintiff mostly handled consumer complaints.  Plaintiff was at times good at her job, but she was also frequently and significantly bad at her job. Defendants deny the remainder of the paragraph above.**

**PLAINTIFF'S ALLEGATION:** 9. But, the group that hired Mrs. Heller was not the same group that fired her.  In 2012, the Australian financial giant Macquarie purchased Tax Ease.

**ANSWER: Defendants have insufficient information to respond to the allegations in this paragraph on the basis that Plaintiff does not define the term "group."  Defendants admit that in 2012, Macquarie purchased Tax Ease.**

**PLAINTIFF'S ALLEGATION:** 10. Additionally, the regulatory issues surrounding "property tax loans" became increasingly strict. Tax Ease continued relying on Mrs. Heller's significant experience in the area. Nobody ever complained about Mrs. Heller's understanding of relevant regulatory schemes or complained about her work.

**ANSWER: Regarding the first sentence in the above paragraph, Defendants admit that some issues surrounding property tax loans became somewhat more strict, while other issues within Plaintiff's responsibilities became less strict. Regarding the second sentence in the above paragraph, Services admits, but Holdings denies, that it relied upon Plaintiff to some extent, but Services had to rely on separate outside attorneys so much, and rely on her so little, that her contribution was no longer worth her compensation. Defendants deny the last sentence in the above paragraph. Management complained about her.**

**PLAINTIFF'S ALLEGATION:** 11. In 2013, Tax Ease abruptly terminated Mrs. Heller's employment as Tax Ease's General Counsel. During this termination meeting, Mrs. Heller asked if her termination was part of a layoff, and Mark Shapiro, Tax Ease's Chief Financial Officer responded, "we are just making changes." Tax Ease also told Mrs. Heller that she was not being replaced.

**ANSWER: Defendants deny in Paragraph 11 that they "abruptly" terminated Plaintiff's employment, but admit that Services terminated Plaintiff's employment in 2013. Defendants deny that Holdings terminated Plaintiff's employment and that Holdings ever employed Plaintiff. Defendants deny the remainder of the above paragraph.**

**PLAINTIFF'S ALLEGATION:** 12. To the contrary, Tax Ease replaced Mrs. Heller almost immediately – and perhaps before terminating her. At the time, Mrs. Heller was fifty-seven years old; she was licensed to practice law in Texas in 1983. Her replacement was under forty-years old, and she was licensed to practice law in 2011.

**ANSWER: Defendants deny in Paragraph 12 that they "replaced [Plaintiff] Mrs. Heller almost immediately – and perhaps before terminating her," because Services has not replaced Plaintiff.   Holdings neither employed nor terminated Plaintiff.   Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 that "At the time, Mrs. Heller was fifty-seven years old; she was licensed to practice law in Texas in 1983," and therefore deny the same.  Defendants deny the allegations in Paragraph 12 that Plaintiff's "replacement was under forty-years old, and she was licensed to practice law in 2011," because Services has not replaced Plaintiff, and therefor denies the same.**

**PLAINTIFF'S ALLEGATION:** 13. Mrs. Heller filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission on January 15, 2014. She received a Right to Sue (Issued On Request) the same day.

**ANSWER:  Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13, and therefor deny the same.**

**PLAINTIFF'S ALLEGATION:** 14. Mrs. Heller repeats and re-alleges the allegations contained in Paragraphs 1 through 12 as if fully stated here.

**ANSWER:   Paragraph 14 requires no response.**

**PLAINTIFF'S ALLEGATION:** 15. Mrs. Heller has satisfied all jurisdictional prerequisites in connection with her ADEA claim.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15, and therefor deny the same.**

**PLAINTIFF'S ALLEGATION:** 16. Tax Ease's actions constitute intentional age discrimination in violation of the ADEA. Specifically, Tax Ease abruptly terminated Mrs. Heller and replaced her with younger, far less experienced attorney. Tax Ease failed and refused to consider, assist, or place Mrs. Heller in another job within the company due to her age.

**ANSWER: Defendants deny the allegation in Paragraph 16 that their "actions constitute intentional age discrimination in violation of the ADEA." Defendants deny the allegation in Paragraph 16 that they "abruptly terminated [Plaintiff] and replaced her with younger, far less experienced attorney," but admit that Services did terminate her employment. Defendants deny that Holdings terminated her employment. Defendants deny the allegation in Paragraph 16 that they "failed and refused to consider, assist, or place [Plaintiff] in another job within the company due to her age," because they made no employment decision concerning her on the basis of age and because Holdings was not in a position to consider, assist or place Plaintiff in another job, in that Holdings never employed Plaintiff.**

**PLAINTIFF'S ALLEGATION:** 17. As a result of Tax Ease's actions, Mrs. Heller has suffered and will continue to suffer pecuniary losses, including but not limited to lost wages and benefits associated with her employment.

**ANSWER:  Defendants deny Plaintiff's allegation in Paragraph 17 that "[a]s a result of Tax Ease's actions, Mrs. Heller has suffered and will continue to suffer pecuniary losses, including but not limited to lost wages and benefits associated with her employment," presuming that "Tax Ease's actions" refers to Plaintiff's allegation that her employment was terminated by Services and based on her age.**

**PLAINTIFF'S ALLEGATION:** 18. Tax Ease's actions were willful. Thus, Mrs. Heller is entitled to liquidated damages under the ADEA.

**ANSWER: Defendants deny Plaintiff's allegations in Paragraph 18, that their "actions were willful," presuming that "actions" refers to Plaintiff's allegation that her employment was terminated by Services and based on her age. Defendants deny that "[Plaintiff] is entitled to liquidated damages under the ADEA."**

**PLAINTIFF'S ALLEGATION:** 19.  Mrs. Heller seeks attorney's fees and costs of suit.

**ANSWER:  Defendants admit Plaintiff's allegation in Paragraph 19 that she seeks "attorney's fees and costs of suit," but deny that she is entitled to them.**

**PLAINTIFF'S ALLEGATION:** 20. Mrs. Heller repeats and re-alleges the allegations contained in Paragraphs 1 through 12 as if fully stated here.

---

**ANSWER:   Paragraph 20 requires no response.**

**PLAINTIFF'S ALLEGATION:** 21. Mrs. Heller has satisfied all jurisdictional prerequisites in connection with her TCHRA claim.

**ANSWER:  Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21, and therefor deny the same.**

**PLAINTIFF'S ALLEGATION:** 22. Tax Ease's actions constitute intentional age discrimination in violation of the TCHRA. Specifically, Tax Ease abruptly terminated Mrs. Heller and replaced her with younger, far less experienced attorney. Tax Ease failed and refused to consider, assist, or place Mrs. Heller in another job within the company due to her age.

**ANSWER:  Defendants deny the allegation in Paragraph 22 that their "actions constitute intentional age discrimination in violation of the TCHRA." Defendants deny the allegation in Paragraph 22 that they "abruptly terminated [Plaintiff] and replaced her with younger, far less experienced attorney," but admit that Services did terminate her employment. Defendants deny the allegation in Paragraph 22 that they "failed and refused to consider, assist, or place [Plaintiff] in another job within the company due to her age," because Services made no employment decision concerning her on the basis of age and because Holdings was not in a position to consider, assist or place Plaintiff in another job, in that Holdings never employed Plaintiff.**

**PLAINTIFF'S ALLEGATION:** 23. As a result of Tax Ease's actions, Mrs. Heller has suffered and will continue to suffer pecuniary losses, including but not limited to lost wages and benefits associated with her employment.

**ANSWER:   Defendants deny Plaintiff's allegation in Paragraph 23 that "[a]s a result of Tax Ease's actions, Mrs. Heller has suffered and will continue to suffer pecuniary losses, including but not limited to lost wages and benefits associated with her employment," presuming that "Tax Ease's actions" refers to Plaintiff's allegation that her employment with Services was terminated based on her age.**

**PLAINTIFF'S ALLEGATION:** 24. Additionally, Mrs. Heller has suffered and expects to suffer nonpecuniary losses, including, but not limited to, humiliation, damage to personal and professional reputation, undue stress, anxiety, and other non-pecuniary losses.

**ANSWER:   Defendants deny Plaintiff's allegations in Paragraph 24 that she has suffered and expects to suffer non-pecuniary losses, including, but not limited to, humiliation, damage to personal and professional reputation, undue stress, anxiety, and other non-pecuniary losses," presuming that such losses arose and will arise from her alleged discriminatory termination, since neither Services nor Holdings discriminated against her.**

**PLAINTIFF'S ALLEGATION:** 25. Tax Ease has acted and continues to act with malice and reckless indifference to Mrs. Heller's state-protected rights, and, thus, she is entitled to punitive damages under the Texas Labor Code.

**ANSWER:   Defendants deny Plaintiff's allegations in Paragraph 25 that they "acted and continues to act with malice and reckless indifference to Mrs. Heller's state-protected rights." Defendants further deny that Plaintiff "is entitled to punitive damages under the Texas Labor Code."**

**PLAINTIFF'S ALLEGATION:** 26. Tax Ease's actions were willful. Thus, Mrs. Heller is entitled to liquidated damages under the TCHRA.

**ANSWER:   Defendants deny Plaintiff's allegations in Paragraph 26, that their "actions were willful," presuming that "actions" refers to Plaintiff's allegation that her employment was terminated based on her age.   Defendants deny that "[Plaintiff] is entitled to liquidated damages under the TCHRA."**

**PLAINTIFF'S ALLEGATION:** 27. Mrs. Heller seeks attorney's fees and costs of suit.

**ANSWER:   Defendants admit Plaintiff's allegation in Paragraph 27 that she seeks "attorney's fees and costs of suit," but deny that she is entitled to them.**

**PLAINTIFF'S ALLEGATION:** 28. Mrs. Heller respectfully requests that this matter be tried before a jury.

**ANSWER:   Paragraph 28 requires no response.**

**PLAINTIFF'S ALLEGATION:** 29. Mrs. Heller respectfully requests that she have a judgment against Tax Ease awarding her the following damages:

    a.   Back pay, including but not limited to, lost wages and employment benefits;

    b.   Equitable relief necessary to place Mrs. Heller in the position she would have held but for Tax Ease's discriminatory treatment, and if this is not feasible, then front pay;

    c.   Actual damages;

    d.   Liquidated damages in the maximum amount allowed by law;

    e.   Compensatory and punitive damages in the maximum amount allowed by law;

    f.   Prejudgment and post-judgment interest;

    g.   Attorney's fees, expert witness fees, and costs of suit; and

    h.   Any further legal and equitable relief she is entitled to.

**ANSWER: Defendants admit that Plaintiff seeks a variety of damages, interests, fees, costs and equitable relief in Paragraph 29, but deny that she is entitled to any of them.**

## II.   DEFENDANTS' AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

30.   The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff. Defendants have not knowingly or intentionally waived any applicable affirmative defenses. Defendants presently lack sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses, and expressly reserve all rights with respect to all other affirmative defenses that may be revealed during the course of discovery.

31.   Defendants affirmatively state that Plaintiff's employment was terminable "at will" by either party.

32.   Defendants affirmatively state that Plaintiff has failed to take reasonable steps to mitigate her damages, if any. Defendants are entitled to an offset for any income Plaintiff made or might have made through reasonable mitigation efforts.

33.   Defendants affirmatively state that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

34.   Defendants affirmatively state that neither Services nor Holdings was named as the Respondent in a timely charge of discrimination filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") or the Texas Workforce Commission ("TWC").

35.   Defendants affirmatively state that all claims in Plaintiff's Original Complaint not made the subject of a timely charge of discrimination, do not state a claim

for relief under Age Discrimination in Employment Act or the Texas Commission on Human Rights Act.

36.     Defendants affirmatively state that the standard by which Defendants' conduct is to be determined and the standard for the amount of punitive damages are vague and wholly arbitrary and, as such, supply no notice to Defendants of the potential repercussions of their conduct, thereby denying due process under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article I, Sections 13 and 14, of the Texas Constitution.

37.     Defendants affirmatively state that all ADEA claims on which Plaintiff failed to bring suit within ninety (90) days of receiving a Right to Sue letter from the EEOC are barred, and that all TCHRA claims on which Plaintiff failed to bring suit within sixty (60) days of receiving a Right to Sue letter from the Texas Workforce Commission – Civil Rights Division are barred.

38.     Defendants affirmatively state that Plaintiff failed to exhaust her administrative remedies.

39.     Defendants affirmatively state that Plaintiff's claims are limited under the after-acquired evidence doctrine.

40.     Defendants affirmatively state that they exercised reasonable care to prevent and correct promptly any discriminatory behavior, although they deny that any such behavior occurred.

41.     Defendants affirmatively state that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Services or to otherwise avoid harm.

42.     Plaintiff's claims against Holdings are barred, in whole or in part, because Holdings is not a proper party to this lawsuit.

43.     Plaintiff's claims against Holdings are barred, in whole or in part, because Holdings did not terminate Plaintiff.

44.     Plaintiff's claims as to Holdings are barred, in whole or in part because Holdings did not employ Plaintiff.

45.     Plaintiff's claims are barred, in whole or in part, because she cannot demonstrate that she remained qualified for her position.

46.     Plaintiff's claims are barred, in whole or in part, because she was terminated for a reason other than age, including but not limited to, business necessity.

47.     Plaintiff's claims are barred, in whole or in part, because Defendants did not have the requisite state of mind to commit the acts alleged or to entitle Plaintiff to punitive damages.  Defendants acted at all times reasonably and in good faith based on all relevant facts and circumstances known to them Respondents at the time.  Defendants did not act willfully, recklessly or maliciously.  Without admitting that any acts or omissions by Defendants give rise to Plaintiff's claims, Defendants state that any acts or omissions on their part were committed in good faith.

48.    Any alleged adverse employment actions taken regarding Plaintiff's employment were based on legitimate, non-discriminatory business decisions and not on any legally prohibited basis or discriminatory basis.

49.    Defendants assert that Plaintiff's alleged damages, if any, are too speculative to permit recovery; in the alternative, if either Defendant is or both Defendants are found liable and damages are awarded, all statutory caps must be applied to Plaintiff's claims by the Court.

50.    Defendants assert that Plaintiff's claims are barred in whole or in part by the doctrine of consent, unclean hands, laches and/or waiver.

51.    To the extent that they exceed the scope and investigation of Plaintiff's underlying charge of discrimination, Plaintiff's claims and allegations are barred. Defendants assert that Plaintiff's claims exceed those asserted in her charge of discrimination to the EEOC and the Texas Workforce Commission.

52.    Plaintiff is not entitled to recover punitive damages because Plaintiff has failed to plead facts sufficient to support allegations of malice, or reckless indifference and such damages are either not recoverable or are limited in amount.

53.    Plaintiff's claims are barred, in whole or in part, by election of remedies.

WHEREFORE, PREMISES CONSIDERED, Defendants Tax Ease Employee Services Company, LLC and Tax Ease Holdings, LLC pray as follows:

A.    That after sufficient proceedings as this Court may deem appropriate, the Court enter an order dismissing with prejudice all allegations that were brought or could have been brought in Plaintiff's Original Complaint and Jury Demand;

B.      That Plaintiff take nothing from Defendants;

C.      That Defendants be awarded their reasonable attorney's fees and costs of court, and;

D.      That this Court grant such other and further relief, both general and specific, at law or in equity, to which this Court may deem just and proper.

Dated:  June 13, 2014

Respectfully submitted,

By:  ____s/ JOHN P. HAGAN_____
      John P. Hagan
      State Bar No. 24002203
      Email: John@hr-lawgroup.com
      Cynthia J. Lambert
      State Bar No. 10868360
      Email: Cindi@hr-lawgroup.com

**HAGAN LAW GROUP, LLC**
1333 West McDermott Drive, Suite 200
Allen, Texas  75013
Telephone: (469) 519-2760
Telecopier: (469) 208-5366

**ATTORNEYS FOR DEFENDANTS
TAX EASE EMPLOYEE SERVICES
COMPANY, LLC AND TAX EASE
HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

I certify that on this 13th day of June, 2014, a true and correct copy of the foregoing has been served on all counsel of record via PACER.

_____s/ JOHN P. HAGAN_____